UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHNNY BURGESS
     Plaintiff

V.                    Case No.: 2:22-CV-382-JLB-NPM

Snider, Frost, Edwards,
McEnery, Snyder, Bennett,
        Defendants,

(Pro Se confined litigant)
Jury Demand?
☑ Yes
☐ No

# §1983 COMPLAINT

NOTE: All listed defendants are sued in their Individual Capacities.

Rev. 5/20

## I. COMPLAINT

*Indicate below the federal legal basis for your claim, if known. This form is designed primarily for pro se confined litigants challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants).*

- ☒ 42 U.S.C. § 1983 (state, county, or municipal defendants)

- ☐ Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (federal defendants)

## II. PLAINTIFF INFORMATION

Burgess, Johnny    None                N/A
Name (Last, First, MI)                 Aliases

U05762
Identification #

Florida State Prison
Place of Detention

P.O. Box
Institutional Address

Raiford,          Florida         32083
County, City      State           Zip Code

## III. STATUS

*Indicate whether you are a prisoner or other confined person as follows:*

- ☐ Pretrial detainee
- ☐ Civilly committed detainee
- ☐ Immigration detainee
- ☒ Convicted and sentenced state prisoner
- ☐ Convicted and sentenced federal prisoner

2 of 16
Page

## IV. DEFENDANTS INFORMATION

Please list the following information for each defendant. If the correct information is not provided, it could result in the delay or prevention of service. Make sure that the defendants listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary

Defendant #1: <u>SNIDER, DEREK</u>
Name (Last, First)
<u>WARDEN</u>
Current Job Title
<u>33123 OIL WELL ROAD</u>
Current Work Address
<u>PUNTA GORDA,    FLORIDA    33955</u>
county, city          state        zip code

Defendant #2: <u>FROST, FNU</u>
Name (Last, First)
<u>CAPTAIN</u>
Current Job Title
<u>33123 OIL WELL ROAD</u>
Current Work Address
<u>PUNTA GORDA,    FLORIDA    33955</u>
county, city          state        zip code

Defendant #3: <u>EDWARDS, FNU</u>
Name (Last, First)
<u>LIEUTENANT</u>
Current Job Title
<u>33123 OIL WELL ROAD.</u>
Current Work Address

1.

3 of 16

## IV. DEFENDANTS INFORMATION (continued)

PUNTA GORDA, FLORIDA 33955
County, City          State     Zip Code

**Defendant #4:** McENERY, FNU
Name (Last, First)
SERGEANT
Current Job Title
33123 OIL WELL ROAD
Current Work Address
PUNTA GORDA, FLORIDA 33955
County, City          State     Zip Code

**Defendant #5:** SNYDER, FNU
Name (Last, First)
OFFICER
Current Job Title
33123 OIL WELL ROAD
Current Work Address
PUNTA GORDA, FLORIDA 33955
County, City          State     Zip Code

**Defendant #6:** BENNETT, FNU
Name (Last, First)
OFFICER
Current Job Title
33123 OIL WELL ROAD
Current Work Address
PUNTA GORDA, FLORIDA 33955
County, City          State     Zip Code

## V. STATEMENT OF CLAIM

Place(s) of occurrence: Charlotte C.I., Oil Well Rd., Punta Gorda, FL 33955

Date(s) of occurrence: May 20, 2022

State which of your federal constitutional or federal statutory rights have been violated:
The actions of all defendants in applying excessive/unnecessary force, and/or w/out need or provocation, and/or being deliberately indifferent for failing to intervene as required was done maliciously & sadistically constituting cruel and unusual Punishment in violation of my 8th U.S.C.A. right.

State here briefly the FACTS that support your case. See Fed. R. Civ. P. 8. Describe how each defendant was personally involved in the alleged wrongful actions, state whether you were physically injured as a result of those actions, and if so, state your injury and what medical attention was provided to you. All facts shall be set forth in separately numbered paragraphs. See Fed. R. Civ. P. 10(b).

FACTS:

What happened to you?

1. On May 20, 2022 approximately between 8:00am - 9:00am while housed in cell #B1111 the Plaintiff, who suffers from severe mental Illness disorders, wasn't in the right state of mind due to being housed in an empty cell w/ nothing but a pair of underwear on, had threw a cup of dark substance on staff pretending as if it were fecal matter out of retaliation being that this staff had just physically abused me days prior to this incident

2. An organized use of force was initiated involving an application of chemical agents being administered and applied to the Plaintiff when He was housed in cell B1111 which was facilitated by Captain Frost

3. After the first application of chemical agents were dispersed and applied to Plaintiff Burgess Inside his cell, He willingly complied w/ all orders given to him, submitted to hand restraints, and was placed Inside of the shower

Rev. 5/20

for decontamination purposes.

**Who did what?**

4. After the decontamination shower was concluded, the Plaintiff was removed from the shower and placed in full black box restraints including shackles

5. At this time, an unknown staff had placed the leg restraints (shackles) on my ankles so tight intentionally that it caused pain & injury to Plaintiff's legs/ankles causing my ankles to swell making it difficult for me to walk

6. Plaintiff was then escorted to the dorms medical room where He was assessed by Nurse Maidment for a post use of force assessment

7. Thereafter the plaintiff was then escorted back to his cell where he was safely secured w/out any incident and being of no threat to no one, not even himself. Nor was plaintiff in further violation of any rule violation. Especially, since the plaintiff was placed in an empty cell w/out anything except underwear on
NOTE: Pursuant to rule 33-602.210(4)(c)4. it specifically states that inmates involved in an organized use of force shall be video recorded until they've been placed in a secured cell which insinuates that once I was safely returned & secured back into the cell, that organized use of force was concluded.

8. Not even 1 whole minute after I was safely secured back inside the cell w/ the handcuffs being removed, Captain Frost ordered officer Bennett to administer another application of chemical agents upon me w/out probable cause in violation of rule 33-602.210(2)(a)1.-8.

9. Therefore, the 2nd application of chemical agents that Captain Frost had officer Bennett administer upon me inside cell # B1111 was excessive, unnecessary, illegal

[Additional Facts Must Be Set Forth in an Attachment Titled Section V]

6 of 16
Page

and a violation of my 8th U.S.C.A right.

10. I was then removed from the cell and placed in full body restraints again where either defendant McEnery or Snyder placed the leg restraints around my ankles extra tight causing pain & injury

> [Was anyone else involved?]

11. I was then sprayed w/ a waterhose by staff for decontamination

12. I was then escorted back to the medical room again where I was re-evaluated by Nurse Maidment for another Post Use of Force accessment

13. I was then returned back to my cell, B1111 again where the staff had told the orderlies not to properly clean my cell but to leave chemical agents all over the cell intentionally so that it can continue to get all over my body & burn me since I was placed in an empty cell with nothing but a underwear on that was already covered in chemical agents.

14. ————→ CONCLUSION:

Wherefore, Plaintiff recieved injury to his left leg/ankle going numb which was attributed to the "Excessive/unnecessary Force" and never fully recovered from ankle problems.

15. Hence, Plaintiff was prescribed a steroid because of his leg/ankle injury called "Prednisone" by Physician Morsey.

16. Plaintiff's feet still burns periodically as if they are set on fire especially if I smell chemical agents from other Inmates use of forces which was also attributed to this use of force in which Captain Frost took my slides (feet apparrell) intentionally forcing me to walk barefoot on a floor that was soaked in chemical agents for 4 days straight.

17. I also recieved mental & emotional injury due to Plaintiff psychological condition is being exacerbated due to this incident which also contributed to the Plaintiff being depre-

ssed, anxious, sad, fearful, worried, etc., as the plaintiff is also suffering from other mental Illness disorders as well

18. The Psychiatrist at the time couldn't do much to help solve the problem except raise the dosage to the psychotropic medications that I was already prescribed for my disorders.

19. X-ray were taken which indicated problems w/ my left hip area so far. But still awaiting cat scans on left leg.

20. NOTE: This is how all of the named defendants had participated in this 8th Amendment violation

## DEFENDANT SNIDER

21. Snider (Warden) – contributed to this 8th Amendment violation of the Cruel and Unusual Punishment Clause for being "Deliberately Indifferent" not only to the plaintiff's safety but other Inmates safety as well by knowing that a risk of harm exists for Inmates to be harmed/injured by allowing an "Illegal Practice" to occur at the facility that He's overseeing with chemical agents, where His senior C.O.'s would administer chemical agents upon Inmates without probable cause during organized use of forces. Because more than 65% of the organized use of force incidents involving chemical agents at this prison (Charlotte C.I.) are either excessive or unnecessary and/or in violation of rule 33-602.210 (2)(a)1.-8. (meaning that the inmates are never getting gassed/sprayed with chemical agents justifiably during organized use of force incidents at Charlotte C.I. for 1 or more of the 8 purposes outlined under this rule (33-602.210 (2)(a)1.-8.) that

justifies and gives staff the authority to administer chemical agents upon Inmates during organized use of forces. Moreover, pursuant to law, Wardens and or supervisors who were not even present during the "Excessive/Unnecessary Force" incident can be held liable if you can show that it was an "Illegal Practice" going on where their subordinates were applying "excessive force" without penological justification as a punishment tool and that the Warden's actions or inactions (such as failing to act against his subordinates staff for the matter and or his failure to provide adequate training to his subordinates staff) led to excessive force against me (the Plaintiff). Furthermore, <u>rules 33-602.210 (10) (a)</u> and <u>33-208.002 (14)</u> requires that the Wardens reviews all use of force videotapes as a ministerial duty. Thus, defendant Derek Snider, Warden of Charlotte C.I., knew and was well aware that his subordinate staff regularly used chemical agents unnecessarily and excessively on Inmates as an "Illegal Practice" as a means of punishment and intimidation and not for legitimate reasons. Therefore, defendant Snider is adequately responsible for Supervisory liability claims and has properly been placed on notice. Especially, based on evidence that He was aware of a pattern of excessive and/or unnecessary force and did nothing to curb it.

## DEFENDANT FROST

**22.**

<u>Frost (Captain)</u> - Contributed to this 8th Amendment violation of the cruel and unusual Punishment Clause for <u>"Excessive Force"</u> for authorizing officer Bennett to apply a 2nd application of chemical agents upon the plaintiff unnecessarily & excessively without penological justification nor provocation in violation of <u>rule 33-602.210 (2)(a)1.-8.</u> which amounted to this 8th Amendment violation claim

## DEFENDANT McENERY

**23.**
McEnery (Sergeant) - contributed to this 8th Amendment violation of the Cruel and Unusual Punishment Clause for "Excessive Force" by intentionally placing the leg restraints on the Plaintiff's ankles extra tight as a punishment tool in violation of rules 33-602.210 (9)(b) 9. and 33-602.210 (4)(b) 2. causing injury to the Plaintiff's left leg and ankle during this Use of Force.

## DEFENDANT SNYDER

**24.**
D. Snyder (Officer) - Contributed to this 8th Amendment violation of the Cruel and Unusual Punishment Clause for "Excessive Force" by intentionally placing the leg restraints on the Plaintiff extra tight as a punishment tool in violation of rules 33-602.210 (9)(b) 9. and 33-602.210 (4)(b) 2. causing injury to the Plaintiff's left leg and ankle during the Use of Force.

**25.** ⟶ NOTE:
Now during this entire excessive force incident in which this 8th Amendment violation claim arose, the shackles (leg restraints) were placed on the Plaintiff on 3 different occasions. But the Plaintiff cannot honestly remember if both defendants, Snyder & McEnery, had placed the leg restraints on the Plaintiff each separately on their own separate occasions or if it was just 1 of these 2 defendants that were responsible for placing the leg restraints on the Plaintiff on all 3 occasions by themselves. Because I was temporarily blinded due to the chemical agents getting into my eyes. So I cant remember exactly everything. All I could remember is hearing the voices of both defendant, McEnery & Snyder, instruct me to comply with orders

10 of 16

for the leg restraints to be applied at one point or another. Because the leg restraints were applied to my ankles tightly on 3 different times during this incident. Therefore, I wouldn't be abled to make a definite determination until I'm abled to review the Excessive Force incident on videotape during the discovery process. But on all 3 separate occassions the leg restraints were placed on my legs extra tightly intentionally to hinder & stagnate my ability to walk without enduring pain. So if defendant Snyder placed the leg restraints on me atleast 1 time out of these 3 occasions, and if defendant McEnery placed the leg restraints on me atleast 1 time out of these 3 occasions that the leg restraints were applied on me erroneously, then they are both responsible for causing my leg/ankle injury that occured during this Excessive Force incident.

## DEFENDANT BENNETT

26.
Bennett (officer) - contributed to this 8th Amendment Violation of the Cruel and Unusual Punishment Clause for "Excessive Force" for administering the 2nd application of chemical agents upon the plaintiff unnecessarily & excessively without penulogical justification nor provocation in violation of rule 33-602.210 (2)(a)1.-8. which amounted to this 8th Amendment violation

## DEFENDANT EDWARDS

27.
Edwards (Lieutenant) - contributed to this 8th Amendment Violation of the Cruel and Unusual Punishment Clause for being "Deliberately Indifferent" to the Plaintiff's safety due to him witnessing the entire incident from the beginning and failing to curb the acts and actions of his co-workers for applying unnecessary/excessive force (during the 2nd application) knowing that it was illegal and unlawful which contributed to or proximately caused this 8 Amendment violation

28. All listed defendants acted while under color of state law

11 of 16

## VI. ADMINISTRATIVE PROCEDURES

*WARNING: **Prisoners** must exhaust administrative procedures before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). Your case may be dismissed if you have not exhausted your administrative remedies.*

## VII. RELIEF

*State briefly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.*

Wherefore, Plaintiff requests that the Courts grants the following relief listed below

A. Issue a declaratory judgment stating that:
1. The excessive force of the Plaintiff by the Defendants with chemical agents, etc., violated the Plaintiff rights under the 8th Amendment to the U.S. Constitution
2. Defendants failure to take actions to curb the "Excessive Force" upon a prisoner violated plaintiff's rights under the 8th Amendment to the U.S. Constitution
B. Award compensatory damages in the following (jointly and severally) against all named defendants
C. Award punitive damages in the following (jointly and severally) against all named defendants
D. Grant such other relief as it may appear that Plaintiff is entitled

Rev. 5/20

## VIII. LITIGANT'S LITIGATION HISTORY

*The "three strikes rule" bars a **prisoner** from bringing a civil action or an appeal in forma pauperis in federal court if that prisoner has "on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g)*

### *ALL LITIGANTS MUST ANSWER:*

Have you to date brought any other lawsuits in state or federal court while a confined?    ☑ Yes    ☐ No

If yes, how many? 3 (but this is #4)

Number each different lawsuit below and include the following:

- Name of case (including defendants' names), court, and docket number
- Nature of claim made
- How did it end? (For example, if it was dismissed, appealed, or is still pending, explain below.)

1st Civil Suit

8th Amendment Violation Claim

Plaintiff - (to first civil suit): Johnny Burgess

Defendants - (to first civil suit): Jonathon Jorge and FNU Rouse

Court - (of 1st civil suit): U.S. District Court, Middle District of Florida, Ocala Division, Golden-Collum Memorial Federal Building & U.S. Courthouse, 207 N.W. Second Street, Room #337, Ocala, Florida 34475-6666

Docket or Index number - 5:17-CV-00131-BJD-PRL

Name of Judge assigned to previous lawsuit: Paul Lammens

Approximate date of filing previous lawsuits: March 2017
The case was settled around April 2020

VIII. LITIGANT'S LITIGATION HISTORY (continuation)

## 2nd Civil Suit

8th Amendment Violation Claim (Excessive Force)

Plaintiff - (2nd law suit): Johnny Burgess

Defendants - (2nd law suit): Snider, Ramsey, Hughley, Tabil and John Doe

Court - (of 2nd law suit): U.S. District Court, Middle District of Florida, Office of The Clerk, Room 2-194 U.S. Courthouse And Federal Building, 2110 First Street., Fort Myers, Florida 33901

Docket or Index number: 2:21-CV-618-JLB-MRM

Name of Judge assigned to the case: John L. Badalamenti

Approximate date of filing 2nd law suit: September 2021

The 2nd civil suit filed in this same court is currently still pending

## CIVIL SUIT #2

VIII. LITIGANT'S LITIGATION HISTORY (continuation)

### 3rd Civil Suit

8th Amendment Violation Claim (Excessive Force)

Plaintiff - (3rd law suit) - Johnny Burgess

Defendants - (3rd law suit) - Snider, Ramsey, Hirschy, Crawford, Basillio, Nesbitt and Kaizer

Court - (of 3rd lawsuit) - U.S. District Court, Middle District of Florida, Office of The Clerk, Room 2-194 U.S. Courthouse And Federal Building, 2110 First Street, Fort Myers, Florida 33901

Docket or Index number - 2:22-CV-228-JLB-NPM

Name of Judge assigned to the case - John L. Badalamenti

Approximate date of filing 3rd law suit - April 2022

The 3rd civil suit filed in this same Court is currently still pending

### CIVIL SUIT #3

15 of 16

Rev. 5/20

## IX. PLAINTIFF'S DECLARATION AND WARNING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. **I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**

*Plaintiff must sign and date the complaint and provide prison identification number and prison address.*

__December 5th, 2022__
Dated

__Johnny Burgess__
Plaintiff's Signature

__Burgess, Johnny__     __No Middle Name__
Printed Name (Last, First, MI)

__U05762__
Identification #

__Florida State Prison, P.O. Box 800, Raiford, Florida 32083__
Institutional Name           City           State      Zip Code

16 of 16
Page

Legal Mail
Provided to Florida State Prison on
12/5/22 for mailing by _JB_

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of all of the following has been placed in the hands of an F.D.O.C. staff official for mailing:

- 2 identical §1983 complaint packets (w/ each containing 16 pages)
- 2 "Notice of a lawsuit and Request to Waive Service of a Summons" forms
- 2 "Waiver of the Service of Summons" forms
- 2 "Summons In a Civil Action" forms
- 2 "Proof of Services" forms

For defendants: FNU Edwards (Lieutenant) and FNU McEnery (Sergeant) in case number - 2:22-CV-382-JLB-NPM for mailing to: U.S. District Court, Middle District of Florida, Office of the Clerk, Room 2-194 U.S. Courthouse And Federal Building, 2110 First Street, Fort Myers, Florida 33901

Executed on this 5th day of December, 2022

NOTE: There's a total of 41 pages of legal documents enclosed herein within this legal package (white envelope) of legal mail

Respectfully Submitted By:
/s/ Johnny Burgess #U05762

Johnny Burgess #U05762
F.S.P.
P.O. Box 800
Raiford, Florida 32083