UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHNNY BURGESS,

    Plaintiff,

v.                                              Case No. 2:22-cv-382-JLB-NPM

MOSES FROST, KYLE MCENERY,
DAVID SNYDER, and ANDREW
BENNETT,

    Defendants.

## ORDER

Plaintiff Johnny Burgess initiated this action on June 17, 2022 by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983. (Doc. 1.) Plaintiff generally alleged that officers at Charlotte Correctional Institution used excessive force against him on May 20, 2022. His amended complaint (Doc. 34) is presently before the Court. Plaintiff, who is now being held at the Suwannee Correctional Institution (SCI), seeks a preliminary injunction commanding officials at SCI, including the institution's librarian, to provide him greater access to legal research material. (Doc. 103.) The motion is **DENIED**.

"The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." Robinson v. Attorney Gen., 957 F.3d 1171, 1178–79 (11th Cir. 2020). However, the conduct of which Plaintiff complains—his inadequate access to legal research at SCI—does not relate to the allegations of the complaint, which concerned an alleged use of

excessive force at Charlotte Correctional Institution. See Devose v. Herrington, 42 F.3d 470, 471 (11th Cir. 1994) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."). In other words, Plaintiff does not seek to maintain the status quo. Moreover, "[i]t is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process." Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) (citation omitted). Because no official at SCI has been served with process, the Court has no jurisdiction over them and cannot provide the relief Plaintiff requests.

In short, Plaintiff is not entitled to injunctive relief because he seeks to enjoin conduct from non-parties that is completely unrelated to the actions at issue in this case. If Plaintiff elects to pursue a claim relating to his access to the law library at SCI, he must file a new complaint—along with the full filing fee or motion to proceed *in forma pauperis*—in the appropriate court. His motion for a preliminary injunction (Doc. 103) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on May 7, 2025.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

Copies:   Johnny Burgess